UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

_____
JONATHAN FARISELLO                              )
SARA FARISELLO                                  )
                Plaintiffs,                    )   Civil Action No.
                                                )
v.                                              )
                                                )
JEFFERSON BEAUREGARD SESSIONS, III              )
   *United States Attorney General*            )
KRISTJEN NIELSEN                                )
   *Secretary of D.H.S.*                       )
L. FRANCIS CISSNA                               )   September 25, 2018
   *Director of U.S. Citizenship and Immigration Services*   )
                Defendants.                    )
_____)

## PLAINTIFF'S COMPLAINT FOR WRIT OF MANDAMUS & REQUEST FOR DECLARATORY RELIEF

The Plaintiffs, Jonathan Farisello and Sara Farisello bring this action for a Writ of Mandamus. The Plaintiff, Jonathan Farisello, seeks that this Court order the United States Citizenship and Immigration Services ("USCIS") to adjudicate the Petition for Alien Relative (hereinafter referred to as "Petition") filed on behalf of his wife Sara Farisello. The Defendants have failed to issue a receipt for filing and it's been more than Sixty Days and are beyond the normal processing time for USCIS to issue a receipt for filing. The Farisello's will suffer an ascertainable loss in that without a filing receipt, Ms. Farisello is unable to work or apply for advance parole to travel.

A.    PARTIES

    1.    The plaintiff, Jonathan Farisello, is a United States Citizen who resides in the Town of Woodbury, County of Litchfield and State of Connecticut.

    2.    The plaintiff, Sara Farisello, is a native and citizen of Italy who resides in the Town of Woodbury, County of Litchfield and State of Connecticut.

3. Defendant, <u>Jefferson Beauregard Sessions, III</u>, the United States Attorney General is a defendant in this action in his official capacity as the administrative head of the DHS and is further authorized to delegate such powers and authority to subordinate employees of DHS.  8 U.S.C. § 1103.

4. Defendant, <u>Kristjen Nielson, Secretary</u> of the DHS is a defendant in this action in her official capacity as the administrative head of the DHS and is further authorized to delegate such powers and authority to subordinate employees of DHS.  8 U.S.C. § 1103(a); 8 C.F.R. § 2.1.

5. Defendant, <u>L. Francis Cissna</u>, Director of the USCIS is a defendant in this action by his capacity as the administrative head of the USCIS and who has been authorized to delegate such powers and authority to subordinate employees of USCIS.  8 C.F.R. § 100.2(a).

B.   <u>JURISDICTION</u>

6. Jurisdiction in this case is proper under 28 U.S.C. § 1331 as this is an action arising under the federal immigration laws of the United States.

7. Jurisdiction is also proper under 28 U.S.C. § 1361 as this is an action for a writ of mandamus to compel an officer, employee, or agency of the United States to perform a duty owed to Mr. Farisello.

8. Mr. Farisello and his wife-beneficiary were harmed by the actions of the Defendants, which were not in accordance with the immigration laws of the United States, and therefore has the right to review under 5 U.S.C. § 702 -706.

C.     VENUE

9.     Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(e), in that this is an action against officers of the United States in their official capacity in a district where Mr. Farisello and his beneficiary wife reside.

D.     FACTUAL BACKGROUND

10.     The beneficiary, Ms. Farisello, entered the United States on or about July 26, 2016 in F-1 Student status.

11.     On or about January 18, 2017, Mr. and Ms. Farisello married in Waterbury, Connecticut.

12.     In April 2017, Mr. and Ms. Farisello filed an I-130 Petition and an application for adjustment of status to permanent resident, which was properly filed; but for which a receipt was never generated.

13.     On or about June 22, 2018, Mr. and Ms. Farisello had their first child born of the marriage.

14.     Inquiries were made, but the United States Citizenship and Immigration Services (USCIS) could not confirm the receipt and the filing was presumed lost.

15.     Mr. Farisello who is anxious to resolve his wife's legal immigration status abandoned their attempts to find the apparently lost package and resubmitted a second petition and application to adjust Ms. Farisello's status on July 11, 2018.

16.     The second petition and application were submitted on July 11, 2018 and the receipt of which was confirmed by Federal Express. Exhibit A.

17.     A notice of receipt should have been generated within 30 to 45 days after delivery on July 11, 2018.

18. Ms. Farisello has no criminal history and no ties to organizations that would preclude her from legal permanent residence here in the United States.

F.  CLAIMS

COUNT I: *Mandamus For Adjudication of I-130 Petition an I-485 application*

19. The foregoing paragraphs are incorporated in this Court as if recited in full herein.

20. Ms. Farisello meets the definition of an "immediate relative" as the parent of a United States Citizen who is at least 21 years of age. 8 U.S.C. § 1151(b)(2)(A)(i); 8 U.S.C. § 1154(a)(1)(A)(i).

21. USCIS owes a non-discretionary duty to Mr. Farisello to adjudicate the Petition and has failed to do so in a timely manner pursuant to 8 U.S.C. § 1154(b) and 5 U.S.C. § 555(b).

22. The Court should order USCIS to adjudicate Mr. Farisello's Petition pursuant to 5 U.S.C. § 555(b).

23. Mr. & Ms. Farisello demands that USCIS prioritize their applications for adjudication and expedite the processing of Ms. Farisello's Employment Authorization *and a to be filed request for advance parole* so that she may travel and be employed while her application is processed.

COUNT II: *Declaratory Judgment*

24. Mr. and Ms. Farisello request a declaration that Ms. Farisello is an "immediate relatives" of a United States Citizen as defined under 8 U.S.C. § 1151(b)(2)(A)(i).

25. Mr. Farisello filed an I-130 petition on behalf of Ms. Farisello pursuant to 8 U.S.C. § 1154(a)(1)(A)(i), which states that "any citizen of the United States claiming that

an alien is entitled ... to an immediate relative status ... may file a petition with the Attorney General for such classification."

26. 8 U.S.C. § 1154(b) further provides: "After an investigation of the facts in each case, ... the Attorney General shall, if he determines that the facts stated in the petition are true and that the alien in behalf of whom the petition is made is an immediate relative ... approve the petition and forward one copy thereof to the Department of State."

27. Ms. Farisello is an immediate relative because she is the spouse of Mr. Farisello, a United States Citizen.

28. The processing times of the Defendants for an immediate relative are unreasonably long and thus violate due process of the petitioner, Mr. Farisello.

29. Declaratory relief is necessary because both Mr. and Ms. Farisello have been forced to endure unnecessary damages as a result of the Defendants' failure to properly classify Ms. Farisello as an immediate relative of a United States Citizen.

30. The Defendant's unreasonable delay lengthens the time that Ms. Farisello must wait to seek Adjustment of Status and the benefits it entails and requires the both Mr. & Ms. Farisello to continually apply for employment and travel authorization.

31. Mr. and Ms. Farisello request that the Court interpret the statutory meaning of "immediate relative" under 8 U.S.C. § 1151(b)(2)(A)(i) and declare Ms. Farisello an immediate relative of a United States Citizen.

G. <u>DAMAGES</u>

32. As a result of Defendant's action, the Plaintiffs have suffered the following injuries and damages:

(a) Deprivation of lawful permanent resident status in the United States;

    (b)    The right to have legal status for a non-citizen parent;

    (c)    Inability to travel outside of the United States;

    (d)    The ability for interim travel and work while the application is pending.

H.    <u>RELIEF</u>

33.    In view of the arguments and authority noted herein, Plaintiffs respectfully pray:

A.    That the Defendants be cited to appear herein and that upon due consideration, the Court enter an order for USCIS to adjudicate the I-130 Petition for Alien Relative within thirty days.

B.    That Plaintiffs be awarded attorney's fees and costs under the Equal Access to Justice Act, 5 U.S.C. § 504, 28 U.S.C. § 2412 and;

C.    To award such other and further relief as this Court deems just and proper.

        Respectfully Submitted,

        THE PLAINTIFF:

*Glenn Formica*
/s/ CT21053
_____
Glenn L. Formica, Federal Bar No. ct21053
FORMICA WILLIAMS, P.C.
195 Church Street, 11th Floor
New Haven, Connecticut 06510
Telephone:  (203) 789-1946
Facsimile:  (203) 787-6766

# EXHIBIT A
# (PROOF OF DELIVERY)

**TRACK ANOTHER SHIPMENT**

7726724792599

# Delivered
## Wednesday 7/11/2018 at 9:37 am

**DELIVERED**

Signed for by: J.CHYBA



**GET STATUS UPDATES**

**OBTAIN PROOF OF DELIVERY**

**TO**

USCIS
Attn: FBAS
131 S DEARBORN ST FL 3
CHICAGO, IL US 60603

**FROM**

Glenn Formica
New Haven
195 Church Street, 11th Floor
New Haven, CT US 06510